May it please the court. My name is Kyle Waldinger. I'm an assistant United States attorney here in San Francisco. Your honors, I would like to reserve two minutes for rebuttal in this case. In this case, the district court ordered pretrial depositions of victim witnesses so that the defendants could obtain additional disclosures regarding trade secrets that the defendants are alleged to have stolen. What I gather the district judge was trying to do was not so much to get the information as to what the trade secrets might be. I mean, the old expression is a dead cat's letter. I mean, you gave them all kinds of stuff. That's correct, your honor. What the district judge wanted to allow was a preparation so within all of those things, what are you going to focus on? Was that unreasonable? It was not unreasonable, your honor. I think that there, it may be a good idea to try to narrow the issues before trial. It may be a good idea to institute in the federal rules some type of summary judgment procedure, but that are not, that is not what the criminal rules of procedure provide for. What the defendants were asking for here was for the government to identify what exactly were the trade secrets and why they were trade secrets. Numerous times the defendants asked for depositions so that they could determine why they were federal rules of criminal procedure requiring the government to make a pretrial showing of the sufficiency of the evidence. The government's, the requirement in that regard is before the grand jury and the government met that requirement. Is there any other mechanism available under the criminal rules by which the trial judge could have encouraged or even required the I think that we have to look at what Rule 15 provides. I think it's clear that these depositions were not to preserve testimony. So then I think you have to look at Rule 16 and I don't see any mechanism in Rule 16 in order to narrow down the issues. And of course, the government would disagree that there was any narrowing to do. The indictment alleges that each of these, each of these bodies of information was a trade secret. Those trade secrets were identified in the indictment. The prosecutor on the case provided discovery, provided copies of what had been seized from the defendants and said, this is what we're talking about in the indictment. We went beyond that and produced reports from the victim companies as to why they were trade secrets. That goes far beyond, I think, a You mean when you say why they were trade secrets? I mean, what kind of showing is this? What kind of why showing are you talking about? Well, the issue of why something is a trade secret, trade secret is defined in Title 18 United States Code 1839. And there the government, it's defined very broadly, essentially to mean really all kinds of information. But that information, the government also has to show that the owner has taken reasonable measures to keep the information secret and, two, that the information derives independent economic value from not being generally known. That was the additional discovery that the government provided. So one of the contested issues in this case is whether or not whatever this material was, was a trade secret within the meaning of what you just stated? That's correct, Your Honor. And that's what the trial will be about. And that's also what the discovery was about? That's correct, Your Honor. But this would not be a discovery of, say, is it of the victim companies, but is there any sense, government experts? No, Your Honor. These were depositions of representatives of the victim companies. Representatives. So were they also, like, in the nature of expert witnesses? Well, I'm not sure. I never found anything in the record in which the government disclosed these individuals as experts. However, in the district court's order on page 122 of the excerpts of record, the district court opined as to five areas as to which the witnesses would be deposed on. And the district court found, I believe, that at least on three of those areas, it would be opinion testimony. One would be factual, and one would be a mix of expert and factual testimony. But this would, again, the subject matter would be, you know, what steps has the company taken to protect the secrets of what? That's correct, Your Honor. I think that the district court, the factual basis here, that these people are really experts, I think, is questionable at best, because these are really fact witnesses. These are witnesses who are going to testify, this is what our company did to restrict access to this information. This is why this information is valuable to us. And what was the defendant's justification, rationale, for his entitlement to these depositions? The defendant numerous times stated that he wanted to know why these trade secrets are trade secrets. And the argument that was put forward is, if the defendant did not find this out before trial, they would have to go through and cross-examine the witnesses extensively at trial. I think the district court's order on page 123 of the excerpts of record indicated that the district court bought that argument. The district court said that the interest of justice would suffer if the defendants were forced to extract details of any opinion or lack thereof during the trial itself. The court also reasoned that the fairness and efficiency of the trial process amounted to exceptional circumstances under Rule 15. I think that those statements and the defendant's requests indicate that the desire here was to keep the trial shorter. I don't think that that's provided for in the Federal Rules of Criminal Procedure. Even if the defendants could have shown pre-trial that particular trade secrets were not, in fact, trade secrets, I'm not sure if that could have narrowed the issues. There's no summary judgment procedure in the criminal process. If the judge had made a pre-trial determination that something was or was not a trade secret, that would be appealable. The government, I think, is entitled to go to trial and to prove what's alleged in the indictment, which is that these particular items are trade secrets. The fact that it may be a long trial and a complex trial does not justify requiring pre-trial depositions of witnesses. In fact, Your Honor, Your Honors, if this case is an of witnesses before trial, then almost any complex case, I think, would justify pre-trial depositions. And simply asking witnesses, victim witnesses, to submit the depositions, I think, really goes beyond anything that's required under Rule 15, Rule 16, and certainly the Jenks Act. I do think that this Court has jurisdiction under Section 1835 to hear the government's appeal. I do think that the district court's order was an order directing or authorizing the disclosure of trade secrets. Can you point to something in the order that supports what you just argued? Well, I think that the actual requiring that the witnesses be deposed to talk about the trade secrets, I think, is an additional disclosure of trade secrets. Prior to this time, the government had only produced documentary materials and summaries of witness testimony. What's envisioned, I think, is something that goes far beyond that. If the defendants did not want something more, then they wouldn't be seeking the depositions. I also think that we don't know In a sense, they want something less. They want you to narrow it down. You've, you know, you've thrown everything at them. So I don't see how this is disclosure within the meaning of that Interlocutory Appeal Statute. Well, even if they want something less or the same, I would say that an additional disclosure of the same trade secret is still a disclosure. Here I mean, so I've told it to you once, and even the second time I tell you to, it's still a disclosure? Especially if it's in a different form. I think that this Court's cases regarding disclosure of grand jury materials supports that. This case is not cited in the brief, but in Ray Grand Jury Investigation 642 F. 2nd. 1184, this Court found that the fact that grand jury materials had already been disclosed did not mean that the issue on appeal was a moot, was moot, because future disclosures still had to be addressed. In any event Can I ask you one question? There is a choice of how we go about jurisdiction here, whether we go under Section 1835 or, say, we go under the general authority to grant a mandamus under the All Writs. Which do you think is the preferable way? I think it's preferable to go under 1835, Your Honors. Because it's easier to get? It's easier to get. Unless we decide we have jurisdiction, it's easier to win? That's correct. So what if we're under mandamus? I think that the district court – not because I think it's easier to get. I think it's generally easier to get. I think mandamus, this is a clear case for mandamus. Other courts have found that when courts order pretrial depositions, that it's something that is – could be mandamus. To be honest, I think, Your Honor, from the government's perspective, we would rather go back to the district court having the district court reverse under 1835 than under a writ of mandamus. Has a district court stayed proceedings in this case? Pardon me, Your Honor? Has a district court stayed proceedings in this case pending this appeal? It's my understanding, yes. Why don't we hear from the other side, and then we'll give you a moment? Thank you, Your Honor. May it please the Court, my name is Paul Meltzer. I represent Fay Yeh and his co-defendant below before this Court. This is really about labels and timing. If this Court below, Judge Ware, had made the same findings and referred it to the same magistrate to hold the same proceedings regarding the same issues and the same questions took place, and it were called a pretrial hearing regarding conduct of the trial, I doubt very much that the government would even object, let alone appeal. So it's not like some extraordinary procedure is going to take place. What Judge Ware did is he balanced a number of conditions. What do you mean when you say, like, refer it to the magistrate? You mean the magistrate would call these witnesses and they would testify in court? If the magistrate were to hear the testimony of the expert witnesses to produce a transcript to allow Judge Ware to make rulings about the conduct of the trial, what's going to happen at the trial is the government is going to ask at some point to seal the record, and they're going to ask to close the courtroom. And Judge Ware is going to be faced with a decision, the defendant has a right to a public trial. So whatever closure is going to occur is going to have to be the minimum necessary under the circumstances. Whatever sealing is going to take place is also going to have to be somehow confined. And what Judge Ware said is, I need to know what's coming in order to be able to make these determinations. He looked at various remedies for this. He invited us to apply for depositions, and we did. What does he say in his order about the concerns about, you know, a closed trial and secrecy of the trial? That was discussed in the motion hearing and is part of the record. But that's not a justification for the order. What is a justification for the order is that the order is that the order is that I didn't hear that. Did I say where is it? I'm sorry? Where is it in the order? Judge Ware does not talk about closing the courtroom. What he talks about is being able to see what's coming before it's blurted out inadvertently on the witness stand on direct or cross-examination. He's under a duty under the EEA to protect the trade secret. The court shall protect the confidentiality of the trade secret. Judge Ware said the best way to do that is for me to know what happens before it happens so that I can protect the trade secret. I don't want to have a circumstance where a secret is blurted out on direct or cross-examination. But that's not a justification he gives in his order. Are we bound by this order as to the reasons he gives for it? I believe in his order he does talk about the need to, and I think the quote is, we'll learn from the depot what needs to be protected. Give me a page citation to the record. Your Honor, I can find that in the record with another minute, but I don't want to use up what's left of my time. It was said in the record, and I just don't have the page reference, but that was said below. And I quoted it in my notes, but I forgot to put what page it came from. In any case, I think the district court is under this obligation under the EEA to protect the trade secret. And on the motion for reconsideration, Judge Ware was given the declaration by Mr. James, the counsel for Sun Microsystems. And what Judge Ware said below was, we agree vehemently. We agree that the trade secret needs to be protected. And I find that the deposition is the way to do that. And he said that in his order denying the motion for reconsideration. He used that as an additional ground to support the granting of the depositions. Now, the question is, does the court have power to grant the deposition of an adverse party's witness? And the answer to that is clearly yes. United States v. Kerrigan disposed of that question where the court said that as a remedy to correct a chilling, which was apparently implicit but not explicit, that a deposition of those witnesses was allowed. And NRA United States agreed that the court had power to do that. They simply disagreed with allowing the attorney, Ray, to be deposed in an ex parte manner, saying that the ex parte deposition was contrary to the entire adversary system. And also at the time that- I'm sorry to interrupt you. Ex parte Kerrigan? Is that case in your brief? I'm not familiar with that case. I'm sorry, U.S. v. Kerrigan. And what I was talking about is NRA United States where there was an order for an ex parte deposition. Is that case in your brief? Both. I've got your brief. Where is it? Kerrigan is cited in our brief. And NRA United States is cited by the government. Well, I asked you where it was in your brief, because I looked at the index and the case name, and I didn't see it there, and so I couldn't remember it. I'll find it. Your Honor, I'm advised that Kerrigan is in the government's brief at page 29, and NRA United States, I believe, is also in the government's brief. Okay. Not in yours. Okay. And both of those cases together stand for the proposition that the court has the inherent power to grant depositions under extraordinary circumstances. Now, the extraordinary circumstances that Judge Ware found were that this was an expert witness. The subject matter was highly technical. It involved four different alleged victim companies and the trade secrets from a whole variety of sources, including such things as user manuals, which were being claimed as trade secrets. The court also found that the government had not complied with the Rule 16 summary of expert opinion requirement, and in addition, as an extraordinary circumstance, was, of course, the EEA mandate that the court protect the trade secret. The volume of material, 8,800 pages, the court made findings that this was the appropriate remedy under the circumstances to find out what was coming before it occurred on direct or cross-examination and there was an inadvertent disclosure. Under those circumstances, it cannot be said that the court was usurping its power in making that decision. As we know from the … Why couldn't the court ask the same witnesses for sealed affidavits of the substance of their direct testimony? Well, the government could have supplied the summary of expert testimony under Rule 16, but for reasons known to only itself, chose not to. And so you could view this as a sanction for noncompliance with Rule 16, but … Was your position the government was required to supply something under Rule 16? Yes. But the summary of opinion testimony refused to do so? Yes. Was that brought before the district judge? Yes. And what was Judge Ware's response? Judge Ware cited the fact that the government had not complied with Rule 16, the summary of expert opinion requirement, and said maybe they chose not to because it would be so voluminous. But he saw this as an alternative to getting that very lengthy document. And so … The government says these are not really expert opinions, but factual statements. I, of course, disagree. The government never hired an independent expert to assess the so-called trade secrets. It's calling four different or more people who worked at the alleged victim companies to testify about the nature of these and call them trade secrets. That is going to be in the nature of expert testimony, and the Court so found. Will it have the special status of expert testimony or simply testimony from the company? I think it will be expert testimony. I think what we'll see is highly trained engineers explaining things which are beyond the comprehension of the average. Well, they're clearly expert in the lay sense. Are they experts within the meaning of the rule? That's a different question. I believe they are experts within the meaning of the rule. And what's your authority for that? That is to say a party witness can be an expert simultaneously? They're going to be asked to give opinion testimony regarding … Well, I understand that. Now, I ask you a different question. Do you have authority that tells us that we can find someone an expert for purposes of Rule 16 when the person is a party witness? I don't have a case that specifically says that. Okay. I mean, I'm sympathetic to the position. I'm trying to find a way to get where you want to get, and I'm having trouble. And I can't read Rule 16 as having these witnesses being experts within the meaning of the rule. Well, Judge Ware found that they were experts. He found they were going to give expert testimony. His order relies on that. He lays out the four different categories of evidence that he expects to hear and categorizes it some as expert and some as lay opinion. And I think that he was sensitive to that. He was also sensitive to the fact that you cannot have a deposition for discovery purposes and cites Cutler, this Court's opinion on that subject, and goes on to explain that under these circumstances, these unusual circumstances, that depositions were appropriate and necessary. And I think this is a very unique case, confined to its unique facts. The EEA, the volume of material, the noncompliance with Rule 16, and the Court's efforts to try and get the opinion laid out in the Rule 16 compliance and not getting that. It can be viewed as a sanction. It can be viewed as part of the Court's inherent power. But it is certainly not a usurpation justifying the so-called drastic remedy of mandamus. Okay. Thank you. Thank you very much. Mr. Waldinger, would you like a minute? Very briefly, Your Honor. Before you start anything else, what's your response about Mr. Miltrich's position that you didn't meet your obligations under Rule 16? Well, Your Honor, I don't think that that's supported by the record. I think that the district court did not find that there had been a discovery violation. I think the district court's order indicates that the district court did not want to order to the extent that this was expert testimony, the district court said, I don't want to order the government to provide full summaries. I don't know what a full summary is, but it sounded like what Judge Ware wanted was for the government to tell defendants every single word that the witnesses would say at trial. Putting aside the question of whether that's an appropriate interpretation of the expert witness provisions of Rule 16, to the extent that there was or there was going to be a discovery violation, the appropriate remedy is not to order depositions. The appropriate remedy would be to either exclude the testimony or require the government to comply. That is the way district court judges normally respond. And if the evidence was excluded, then the government could appeal that as to and we would have the issue as to whether this is truly expert testimony properly before the court. I don't think that it is. Can you help me and point out to me, within the excerpts we have here, where Judge Ware discusses the possibility of surprise, sealing the courtroom, and so on? Your Honor, I don't think that that was in the original order. Okay. Just put my nose in whatever we have. The government, we have, but we also have the order on the reconsideration, and in the government's reconsideration motion, the government raised all the issues that's raised in appeal. In the order denying the United States motion for reconsideration, this is on page 172 of the expert's excerpts of record, the court noted that it set forth numerous reasons in its initial order, and then said in addition to those reasons, the court finds that the depositions are further justified by Sons, which is one of the victim companies, strong and legitimate interest in preventing dissemination of its trade secrets. And the court went on to talk about the context of a public trial. So I think that that may be. There's some other mechanism by which Judge Ware might be able to accomplish this, that is to say, by some sort of a hearing in front of the magistrate, by some sort of affidavit? I mean, this seems to me at least a legitimate concern. Is there no way that he can accomplish this? I'm not sure that the concern is so that trade secrets are not disseminated in public. I think that there are some threshold hearings that a district court judge can have, I think under Rule 104, 105, as to the admissibility of evidence. And that hearing could be held by Judge Ware at the time of trial. But I don't think that there's any authority for it to be designated to a magistrate or to require the defendants to, or to allow the defendants to depose witnesses. I mean, I think you have to look at, you know, what happens after the depositions. And then the parties have to then come before the court. And it sounded to me when I read the record that the defendants wanted to sort of weed out trade secrets and say that the government wouldn't be able to prove certain things were trade secrets. Even if that's not what the defendants were wanting, and were just wanting to focus on when the courtroom should be open or closed, that seems like a pretty narrow issue that the district court judge can decide during the trial as to whether the courtroom should be closed during any particular proceeding. But that doesn't seem to me what animated the proceedings below. What animated the proceedings below, and I think if you read the district court's order, was that there was this belief that we could weed out trade secrets that weren't trade secrets and there could be some pretrial determination as to what the government would prove. That's it, Your Honor. Thank you very much. Thank you. Thank both sides for a helpful argument. The case of United States v. Yee is now submitted for decision.
judges: Noonans, Tashima, W. Fletcher